[ Filed November 4, 1889. ]

## W. F. MASON, Respondent, *v.* R. M. RINER, Appellant.

Action to Recover Damages—"Open Mutual Acccount"—Costs.—In an action to
recover damages for the breach of a contract, if the plaintiff recover less than $50
he cannot recover costs under subdivision 3, ? 549, Hill's Code. although the
defendant's answer may contain a counter-claim for more than $150, which counter-
claim is founded on an account.

Accounts—Mutuality.—Where, in such a case, the plaintiff recovers less than $50, he
cannot recover costs unless there be open mutual accounts involved, which, taken
together on both sides, shall exceed $150.

Appeal from the circuit court for Multnomah county.

*H. M. Cake*, for Appellant.

*J. M. Woodward*, for Respondent.

Strahan, J.—This is an appeal from the judgment of
the circuit court for Multnomah county, allowing the
plaintiff costs where he had a verdict for only $5. The
plaintiff claims that the action involved an open mutual
account of more than $150, and that a verdict for any sum
in such case entitled him to costs. What the action
involved must be determined by the pleading. The
complaint states, in substance, that defendant had sold to

one Sarah A. Wilson, the right to sell a certain patent washing-machine in the county of Multnomah, Or.; that said Sarah A. Wilson becoming insolvent and unable to pay defendant all that was due from her to defendant for such right to sell, defendant solicited plaintiff to assume the balance of payments then due from said Wilson to defendant, agreeing, in consideration of such assumption of said payments by plaintiff, to devote his time and attention to the sale of said washing-machines in said county, and to sell sufficient of said machines that the profits thereon would and should reïmburse and compensate plaintiff for all moneys paid, laid out, or expended on said washing-machines; that the plaintiff assumed the ownership of said right and the said balance of payments as aforesaid, and at various times expended the sum of $326.05 on said machines; that defendant did not devote any time or attention to the sale of the machines as he agreed, and without such assistance the right to sell was worthless, and plaintiff, deeming himself damaged in the amount he paid out on the machines, demands judgment in the sum of $326.05. The answer, after denying the allegations of the complaint, alleges, by way of counterclaim, that, some time prior to February 15, 1886, defendant sold to one Sarah A. Wilson the right to sell a patent washing-machine for the whole State of Oregon, and that subsequently the plaintiff purchased of the said Sarah A. Wilson the right to sell the said machine in the county of Multnomah, in said State of Oregon; that between the twenty-fifth day of March, 1886, and the fifth day of April, 1886, at the plaintiff's special instance and request, and in consideration of plaintiff's promise to pay the defendant's expenses and for his time, the defendant came from Minneapolis, Minn., to Portland, Or., to assist the plaintiff in the sale of said machines in Multnomah county, Or., and remained in Portland for a period of ten days, assisting the plaintiff in and about the sale and management of said machines; that the defendant laid out and expended in railroad fare in coming from Minneapolis, Minn., to

Portland, Or., and in returning thereto, the sum of $240; and expended in board while in Portland the sum of $2 per day for ten days; and that defendant's time was reasonably worth $10 per day; in all, $360. The answer further alleges, by way of counter-claim, that, at plaintiff's special instance and request, he employed an agent for plaintiff to sell said machines in Multnomah county, Or., and paid said agent's expenses in coming from Dayton, Wash., to Portland and in return thereto—the sum of $20—and $25 for services for the plaintiff while in Portland; in all, the sum of $45. And the defendant demands judgment for the sum of $360. The reply denied the new matter contained in the answer.

Whether the plaintiff is entitled to costs in this case depends on section 549, Hill's Code, as follows: "Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases:  *  *  *  3. In an action involving an open mutual account, where it appears to the satisfaction of the court that the sum total of such accounts of both parties exceeds one hundred and fifty dollars." The plaintiff's action is not founded on an account. It is for a breach of contract, whereby he alleges he was damaged in the sum of $326.05. The sum is unliquidated. Under this state of the record it is not possible for the action to involve "an open mutual account." No difference what kind of a counter-claim the defendant may plead, an open mutual account cannot be involved. The plaintiff sets up no account whatever, and the element of mutuality is therefore lacking, even if it be conceded that the defendant's answer involves an account. I think it clear that no mutual account was involved in this case, and that the court erred in allowing the plaintiff costs.

The plaintiff not being entitled to costs, the defendant is so entitled, of course. The judgment for the costs must therefore be reversed, and the cause remanded to the court below, with directions to enter a judgment in favor of the defendant for costs.